# Quinn *v*. The State.

### Assault With Intent to Murder.

(Decided May 9, 1911.  Rehearing denied May 29, 1911.
55 South. 450.)

1. *Assault; Intent to Murder; Evidence.*—Where there was no evidence of a fight between the defendant and the person assaulted prior to the assault charged, but only the statement of a third person that he had a fight with defendant prior to this difficulty, it was incompetent to show that defendant was badly beaten up and muddy.

2. *Same.*—Where it appeared that a witness and the defendant had had a fight shortly before the assault here charged, evidence that in that difficulty the witness and the prosecutor were both on the defendant fighting him was inadmissible as proving particulars of a prior difficulty.

3. *Same.*—Where there was no proof that the person assaulted made any demonstration towards the defendant at the time of the assault, or even approached the defendant at that time, evidence of statements made by the person assaulted, made after the fight, as to whether he could whip the defendant was irrelevant.

4. *Same.*—In the absence of proof that the person assaulted made any demonstration towards the defendant at the time of the shooting evidence as to particulars of a former difficulty between the parties, such as that the prosecutor picked up a rail at that time, was inadmissible.

5. *Same.*—Where the defendant testified that the person assaulted approached him with his hand in his breast and that after he fired the first time the person assaulted begged him not to kill him and that he shot the person assaulted twice after that, evidence that the person assaulted did not have a pistol at the time of the shooting

[Quinn v. The State.]

was admissible, as tending to show whether or not accused told the truth.

6. *Same.*—Where the undisputed facts showed that the defendant was not acting in self defense at the time he shot, the mere fact that the person assaulted advanced towards the defendant did not constitute a hostile demonstration indicating a purpose to assault the defendant; and evidence of prior threats was properly excluded although subsequent evidence tended to show that the defendant was acting in self defense.

7. *Appeal and Error; Harmless Error; Evidence.*—Where a fact is subsequently proven, any error in excluding evidence relative thereto is harmless.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Early Quinn was tried for an assault with intent to murder and convicted of an assault with a weapon, and he appeals. Affirmed.

KNOX, ACKER, DIXON & BLACKMON, for appellant. The evidence tended to present a case of self defense and defendant sought to prove prior threats committed against him by the prosecutor, and the court erred in declining to do so.—*Burns v. The State*, 49 Ala. 370; *Roberts v. The State*, 68 Ala. 156; *DeArman v. The State*, 71 Ala. 351; *Lawrence v. The State*, 84 Ala. 424; *Rutledge v. The State*, 88 Ala. 85; *Burton v. The State*, 115 Ala. 1; *Gafford v. The State*, 122 Ala. 54. Counsel discuss other assignments of error relative to evidence, but without citation of authority.

ROBERT C. BRICKELL, Attorney General, for the State.

PER CURIAM.—The appellant was indicted for assault on Aaron Whatley with intent to murder, and was convicted of assault with a weapon.

There was no error in sustaining the objection to the question to the witness Buck Maxwell, asking if the defendant was not badly beaten up and muddy. There was no proof at the time this question was asked of any

fight between the defendant and Aaron Whatley, the man who was shot, but only a mention by *John* Whatley that he had had a fight with the defendant shortly before the shooting. The evidence sought was irrelevant to the issues in this case.

The witness Warren Barnes was asked by the defendant's counsel if Aaron Whatley and John Whatley were not both on the defendant, fighting him, in the first fight. There was no error in sustaining the objection to this question. It was seeking to prove the particulars of a previous difficulty, and if they had been both on him fighting him before, that would furnish no justification for the defendant to shoot Aaron Whatley at this time.

There was no error in sustaining the objection to the question to the witness Barnes by the defendant, "Did you hear Aaron Whatley say anything about going where he could whip Early Quinn after the fight?" as no testimony had been offered tending to show that said Aaron Whatley was making any demonstration towards the defendant at the time of the shooting, or was even approaching him; nor was there any error in sustaining the objection to the following question to the same witness: "Did you hear any statement made by Aaron Whatley as to the way he was going home?" as it was irrelevant to the issues in this case what way he said he was going home.

The questions to the defendant as a witness: "What did he do to you at that place?" "State whether or not this man, Aaron Whatley, did anything or threatened to do anything to you with a pole?" and "Did he make any threat to you then at that place?"—were attempts to prove the particulars of a former difficulty, and the objections to the same were properly sustained. If the last-named question did not come strictly under the

[Quinn v. The State.]

principle mentioned, it was error without injury, as the witness subsequently stated what it was that said Whatley said to him, in the way of a threat, to-wit: "I will see you again."

There was no error in sustaining the objection to the question to the defendant as a witness, "Did you see him pick up a pole or rail over there at the first place where the first difficulty occurred?" as it related to the particulars of the former difficulty.

There was no error in overruling the objection of the defendant to the question to the witness Aaron Whatley, "Did you have a pistol with you at the time of the shooting?" The defendant himself was the only witness who testified that said Whatley was approaching him with his hand in his breast, and he also testified that, after he shot the first time, said Whatley said, "Don't kill me," and that he shot said Whatley twice after that. This evidence was competent to go to the jury, as a circumstance tending to show whether or not the defendant had testified truthfully in this particular.

The judgment of the court is affirmed.

Note.—The above opinion was prepared by Mr. Justice Simpson of the Supreme Court, before the transfer of the case to this court, and is adopted by this court.

## On Application for Rehearing.

PER CURIAM.—Appellant insists, in his application for a rehearing filed in this case, that the facts testified to by the witness Maxwell show sufficient hostile demonstration towards the defendant, at the same time of the assault, upon the part of the assaulted party, Whatley, to justify proof of prior threats. To this we cannot agree. While the witness testifies to Whatley's "ad-

vancing" at the time of the shooting, he also says, "I did not see Whatley when he put his hand up to his coat" (the hostile demonstration relied upon as shown by the *subsequent* testimony of the defendant), and on direct examination the witness had testified, "Whatley didn't do anything that I saw."

In view of the other undisputed facts going to show the defendant was not acting in self-defense, as shown by all the evidence introduced prior to testimony of this witness, the fact that the assaulted party walked towards the defendant, or "advanced," would not constitute a hostile act or demonstration, "indicating any effort or purpose to assault or use violence upon defendant, to which a previous threat could give color or character, and when that is the case it is the settled rule that evidence of previous threats by the assaulted party is not admissible."—*Jones v. State,* 116 Ala. 468, 23 South. 135.

The only other evidence tending to show the defendant acted in self-defense, and in fact the only evidence to that effect, was introduced *after* the trial court had made the rulings refusing to allow the defendant to prove threats, and at the time offered they were not competent, there was nothing upon which they could be legally predicated, and there was no error committed in sustaining the objections of the solicitor to their introduction in evidence.

Rehearing denied.