(85 South, 830)

JONES v. STATE.   (8 Div. 678.)

(Court of Appeals of Alabama.   April 6, 1920.)

1. CRIMINAL LAW &⇒363—EVIDENCE ADMISSIBLE AS PART OF RES GESTÆ IN HOMICIDE PROSECUTION STATED.

In homicide prosecutions, it is always permissible to show as a part of the res gestæ all that which transpired at the time of the killing and all which occurred prior thereto leading up to and explanatory of the tragedy.

2. ' CRIMINAL LAW &⇒363—WHEN ACTS OR DECLARATIONS ARE ADMISSIBLE AS PART OF "RES GESTÆ."

Acts or declarations are admissible as a part of the res gestæ if they are substantially contemporaneous with the main fact in consideration, and so closely connected with it as to illustrate its character.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Gestæ.]

3. CRIMINAL LAW &⇒337 — COURT SHOULD CONFINE EVIDENCE TO ISSUES.

It is the court's duty to confine the evidence to the points in issue in order that the attention of the jury may not be distracted, or that their minds may not be withdrawn from the main issue and directed to matters which

---

are foreign or of questionable or doubtful relevancy.

**4. HOMICIDE ⬤⇒157(3)—THE FACT OF FORMER DIFFICULTIES MAY BE SHOWN TO PROVE DEFENDANT'S HOSTILITY TOWARD DECEASED.**

In prosecution for murder, it is permissible for the state to prove that the defendant entertained feelings of hostility towards the deceased, and for this purpose the fact, but not the details or particulars, of recent former difficulties may be shown.

**5. CRIMINAL LAW ⬤⇒364(2)—EVIDENCE AS TO DETAILS OF FORMER DIFFICULTY HELD INADMISSIBLE AS PART OF THE RES GESTÆ.**

In murder prosecution, the admission of testimony as to the details and particulars of a former difficulty between deceased and defendant, where sufficient time elapsed between such difficulty and the killing to enable defendant to walk a mile and a half and remain at his brother's house about half an hour before the commencement of the final difficulty, and where the first difficulty as far as defendant was concerned was finally closed, *held* reversible error, where the evidence indicated that the defendant was at fault in the first difficulty, evidence as to details of such former difficulty not constituting part of the res gestæ.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Dallas Jones was convicted of murder in the second degree and he appeals. Reversed and remanded.

Mitchell & Hughston, of Florence, for appellant.

The acts and declarations admitted in evidence were not a part of the res gestæ. 142 Ala. 112, 38 South. 261; 91 Ala. 39, 8 South. 689; 187 Ala. 1, 65 South. 950; 155 Ala. 44, 46 South. 259; 88 Ala. 73, 7 South. 52; 68 South. 544; 15 Ala. App. 135, 72 South. 608.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The testimony complained of was a part of the whole transaction and was admissible. 62 Ala. 224; 63 Ala. 173; 81 Ala. 20, 1 South. 577; 86 Ala. 16, 5 South. 651; 146 Ala. 66, 41 South. 274.

BRICKEN, P. J. Under the evidence, as disclosed by this record, the defendant was not entitled to the general affirmative charge requested in writing, and there was no error in the ruling of the court in refusing this charge.

[1] The main and determining question on this appeal is whether the court erred in admitting evidence as to the particulars of a former difficulty which occurred between the deceased and the defendant. The only possible theory upon which the particulars of the former difficulty was admitted is that they were a part of the res gestæ. In a case of this character, it is always permissible to show, as a part of the res gestæ, all that transpired at the time of the killing, and all which occurred prior thereto leading up to and explanatory of the tragedy.

[2] Acts or declarations are admissible as a part of the res gestæ if they are substantially contemporaneous with the main fact under consideration, and so closely connected with it as to illustrate its character. Minor v. State, 15 Ala. App. 556, 74 South. 98, and cases cited.

[3] However, it is the duty of the court to confine the evidence to the points in issue in order that the attention of the jury may not be distracted, or that their minds may not be withdrawn from the main issue and directed to matters which are foreign or of questionable or doubtful relevancy.

[4] In prosecutions for murder, it is always permissible for the state to prove that the defendant entertained feelings of hostility toward the deceased, and for this purpose the fact, but not the details or particulars, of recent former difficulties may be shown. Minor v. State, 15 Ala. App. 556, 74 South. 98; Quinn v. State, 1 Ala. App. 116, 55 South. 450; Allsup v. State, 15 Ala. App. 121, 72 South. 599; Smith v. State, 197 Ala. 193, 72 South. 316; 1 Mayf. Dig. p. 211.

[5] In the instant case, the court below, over the timely objections and exceptions of defendant, permitted the solicitor to inquire into the details and to bring out the particulars of a former difficulty between deceased and defendant at a crap game. The evidence shows that after the first difficulty was over the defendant left and went to his home, which was from a half to three-quarters of a mile away, and then returned to, or near to, the place of the first difficulty, when he was met by one Lenn Turner, who gave to defendant the $2 in controversy which deceased had, and which belonged to defendant, and about which the first difficulty arose; and thereupon the defendant expressed himself as being entirely satisfied, and without seeing deceased upon this occasion he, the defendant, went to the home of his brother, Emory Jones, which was about a quarter of a mile, or half a mile, away. The defendant testified that "after I had gotten to my brother's house, it was a half an hour before George Thompson (deceased) came by." The difficulty resulting in the death of George Thompson happened a short time thereafter. It thus appears that the first difficulty so far as the defendant was concerned was over and was finally closed. Also that the time which elapsed between the first and second difficulty was of such duration that the defendant could walk about a mile and a half, and in addition thereto remain at his brother's house for about half an hour before the commencement of the second and final dif-

ficulty, and in this interim no facts or circumstances transpired to create the transactions between the deceased and defendant continuous in their nature, nor did anything occur between the first and second 'difficulty that could be said to have the effect of leading up to and which were explanatory of the tragedy. That the testimony of the particulars of the first difficulty, if erroneously admitted, was of a nature highly prejudicial to the defendant is beyond argument. The defendant might have been grossly at fault in bringing about the first difficulty or of contributing to the situation from which such difficulty arose. This may be true; in fact, the details and particulars of the first difficulty between defendant and deceased as disclosed by the testimony would clearly indicate that the defendant was so at fault in the first difficulty. But if there had been a finality to the first difficulty, if the difficulty was a completed transaction and closed, and the defendant having with bona fide intentions abandoned said first difficulty and left the scene thereof, and for the lapse of time as shown here neither said anything, committed any act, the tendency of which would be to bring on the difficulty or renew it, we are clearly of the opinion that his defense to the main issue should not be burdened by what occurred in the first difficulty, and that the fact of the former difficulty was permissible in order to show hostility, motive, or intent, but the particulars thereof were not admissible, and in its ruling to the contrary the court committed error to a reversal.

It appears clearly manifest from this record that the evidence admitted by the court relating to the particulars of the first difficulty were not of the res gestæ, and such testimony, unless a part of the res gestæ, is never admissible.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.