283 So.2d 616

**Randy PUGH**

v.

**STATE.**

**4 Div. 242.**

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

---

Joseph E. Faulk, Troy, for appellant.

William J. Baxley, Atty. Gen., Don C. Dickert, Asst. Atty. Gen., and Rosa Hamlett, Sp. Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted in the Circuit Court of Pike County of a violation of subsection (a) of Section 174, Title 14, Code of Alabama 1940, as amended, which reads:

> "No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his possession or under his control."

On December 23, 1972, the police officers of the City of Troy were routinely checking automobiles having new tires mounted thereon as a burglary had occurred in that city the night before and a number of tires were stolen. They saw appellant, who had been convicted of burglary the year before, driving an automobile on 231 By-Pass in the city limits of Troy. He was stopped and while one officer was checking him out the other officer walked to appellant's car and observed a pistol in a western style holster on the front floorboard of the car on the driver's side. Appellant was placed under arrest for violating the above quoted statute. He was then and there given the *Miranda* warnings, after which he made two conflicting statements within a matter of minutes. His first statement was that the pistol belonged to his brother or brother-in-law and that he was taking it home to keep for him until after Christmas. He then said he had no knowledge that a pistol was in his car.

The state offered in evidence certified copies of judgments of conviction for burglary in 1965 and burglary in 1972. The judgment entries for both convictions show that appellant was represented by court-appointed lawyers. He was also represented by a court-appointed lawyer in the instant case, who represents him on appeal. Appellant sought and obtained a free transcript to perfect this appeal.

In the trial below, appellant's brother testified that the pistol belonged to him; that he was going on a trip to Dothan and did not want to take the pistol with him, so he took it out of his car and pitched it on the backseat or the floor of the backseat without appellant's knowledge and forgot about it; that his brother was not around when he put the pistol in his car.

Appellant testified that he did not know the pistol was in his car until the police officers got it from his car and placed him under arrest; that he knew the pistol belonged to his brother, but he had no knowledge that it was in his car. He denied that he made the statement that the pistol belonged to his brother or brother-in-law and that he was going to keep it for him until after Christmas. He admitted the two previous convictions for burglary.

■ In order to establish the unlawful possession of a weapon, the actual physical hold thereof is not necessary; constructive possession is sufficient. Robinson v. State, 40 Ala.App. 101, 108 So.2d 188.

■ By admitting prior convictions of crimes of violence, appellant relieved the state of the burden cast upon it in cases of this kind. Donahay v. State, 287 Ala. 716, 255 So.2d 599. Nevertheless, the state introduced certified copies of the records of the court to show prior convictions.

■ Conflicting testimony is for the jury, and a verdict rendered thereon will not be disturbed on appeal. Eady v. State, 48 Ala.App. 726, 267 So.2d 516.

This case is due to be and is hereby affirmed.

Affirmed.

All the Judges concur.