290 So.2d 241

**Randall Mickey MITCHELL**

v.

**STATE.**

**8 Div. 398.**

Court of Criminal Appeals of Alabama.

Feb. 12, 1974.

Sullins & King, Huntsville, for appellant.

William J. Baxley, Atty. Gen. and David W. Clark, Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

The appellant was convicted of robbery and sentenced to ten years imprisonment in the penitentiary. He has appealed from that judgment of the court.

At the conclusion of the testimony offered by the State, the appellant moved to exclude, which motion was overruled by the court. Following the verdict of the jury and judgment of the court, appellant filed a motion for a new trial, which motion was also overruled by the court.

The testimony adduced by the State tended to show the following facts in substance:

At approximately ten o'clock on the evening of May 25, 1972, prosecutrix and Walter Stephens were parked in her automobile at the south end of Triana Boulevard in Huntsville at a place where the street came to a dead end. Prosecutrix testified that Stephens got out of the car on the passenger side and walked toward the rear of the car at which time she heard voices coming from the outside. Stephens called for her to get out of the car, which she did and came and stood next to him, where she observed another person some ten feet from her. The moon was shining and she could see well enough to describe the person and the clothing he was wearing. He had a short, shiney, silver pistol in his hand and wore a green shirt over a tee shirt. He asked for the keys to the car and got them from the ignition and while this was going on, she observed another man lying prone in a freshly plowed field some twenty or thirty feet from her.

After procuring the keys, the man with the gun, by the use of threats, forced Stephens to get in the trunk of the car and when Stephens resisted the closing of the lid of the trunk, the first man called the other from the field, he came and leaped on the back of the trunk and forced it to go down and lock with Stephens inside.

Prosecutrix described the second man, who came in from the field, and he was later identified as the appellant as having brown hair, a prominent or long nose, and wearing an Army fatigue shirt over a tee shirt and colored trousers. She further testified that she smelled alcohol on the breath of both men.

Immediately after Stephens was locked in the trunk, the man with the gun, later identified as Mr. Burgett, forced prosecutrix to go with him down into the muddy field until they reached a short knoll where he proceeded to take her clothes off and rape her. Immediately thereafter, the appellant came down to the knoll and also raped her, the first man having gone back to the car.

She testified to certain conversations between the men and statements made by them at the scene. Immediately after her encounter with Burgett he forced her to open the trunk lid of the car and to procure Stephens' billfold, which he handed to her through the small opening while he was still within the trunk. She in turn gave the billfold to Burgett, the man with the gun, and he took from her person a five dollar bill. During the time of the actual taking of the billfold from Stephens, which had a one dollar bill in it, and the five dollar bill from prosecutrix, the appellant appeared to have left the scene.

Prosecutrix was told by Burgett to go back to the car and not open the trunk until two minutes passed but she opened it in about a minute and released Stephens. She and Stephens immediately made their way to a telephone at her home and reported the matter to police.

State's witness Stephens, above referred to, testified substantially the same as prosecutrix.

A short time later in the evening Huntsville police officers, Harvey and Faucette, apprehended Burgett and the appellant. The shoes or boots and pants of each were wet and muddy up to the knees and the mud, described as red, was the same type of soil as found in the plowed field where the alleged incident took place. At the time of the arrest a nickel-plated .32 revolver was found in the floorboard of the car in which the suspects were sitting. It was lying on the back floorboard near the feet of Burgett.

Photographs of the appellant were made at the Huntsville police station and one of these, along with six photographs of other people, were shown to prosecutrix for identification. Later in the night the appellant was put in a line up and viewed by prosecutrix but at this time she was not able to make an identification. However, she did testify that, although she could not make a positive identification at the line up, one of the photographs she viewed looked like the appellant except he didn't have glasses on. Later at the preliminary trial on July 21, 1972, prosecutrix did make a positive identification of appellant. She further sought to explain the difference in appellant's dress at the time of the line up and at the time of the robbery, the difference being that he did not have on a tee shirt at the line up and that appellant wore glasses at the line up. It does not appear that he had glasses on at the scene of the alleged robbery.

Appellant denied any connection with or knowledge of the incident for which he was tried and sought by testimony offered by the defense to show that he was somewhere else on the occasion complained of. He also offered evidence of good character. He further testified that on the afternoon of the alleged robbery he, along with his mother and Ken Burgett, went fishing in a nearby creek and that he and Burgett both got mud and water on their feet and

up to their knees from the muddy banks of the creek and that the mud was of the same type as the mud, testified to by State's witnesses prosecutrix and Stephens, in the field where the incident took place. His mother substantiated his testimony with regard to the fishing trip in her testimony.

■ Before entering upon the trial of the merits the court heard testimony on a motion to require the district attorney to turn over to the appellant's attorneys certain information and evidence bearing upon the issues in this cause. The court took this motion under advisement pending the development of the case and later, after ascertaining the existence of certain pertinent evidence and requiring the district attorney to deliver same to attorneys for appellant, the motion was overruled. This is a procedure which rests largely in the discretion of the trial court and without prolonging this opinion with attempting to state the details of the procedure, we are in accord with the court's action and we find no error therein. Certainly the appellant was not prejudiced.

Before entering the main trial, the court also heard testimony on appellant's motion to suppress any identification made by prosecutrix of appellant based substantially upon the grounds that the in-court identification was brought about by improper influence upon her by certain newspaper articles appearing in the Huntsville News, which recounted some of the alleged circumstances of the robbery; and also upon grounds that certain film news broadcast by a Huntsville television station showing pictures of the accused and other news items incident to the robbery had an improper influence upon her.

The motion also stressed the point that prosecutrix failed to identify the appellant at the lineup or from the pictures shown her by the police officers and that it was after having seen and heard the matters printed and broadcasted through the news media that she was able to identify appellant, first at the preliminary hearing and later at the actual trial.

The appellant in brief lays great stress upon his contention that the identification of appellant by the prosecutrix was tainted by what she had heard and seen through the news media, rather than upon her encounter with the appellant on the occasion of the alleged robbery.

■ Since the only identification of the appellant by the State witness, prosecutrix, was at the preliminary trial and the main trial, her failure to make a positive identification of the appellant beforehand at a line up or at a showing of pictures, though properly admissible as testimony, is not conclusive, but may and should be considered along with any other testimony showing any and all opportunities that she may have had personally to view or have any contact with the appellant.

The rule laid down in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149, is that an in-court identification of the accused by a witness who has viewed the accused in a line up before trial, without counsel, is not admissible unless an independent origin of the identification is established. However, the later case of Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, holds this rule does not apply to pre-indictment show ups, but the unnecessarily suggestive rule does apply and the rule of the totality of circumstances in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, also applies.

■ There was evidence in the case at bar upon which the court could ground its ruling that the in-court identification was based upon matters of independent origin of the events objected to by appellant, excluding any supposed taint thereof caused by the events leading up to the in-court identification United States v. Wade, supra; Stovall v. Denno, supra; Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Smith v. State, 49

**178**

Ala.App. 147, 269 So.2d 164; Robinson v. State, 45 Ala.App. 236, 228 So.2d 850; Shewey v. State, 48 Ala.App. 730, 267 So. 2d 520.

"Though there might be some conflict or hesitancy in the identifying witnesses' testimony, nevertheless the weight thereof goes to the jury for its consideration. Coleman v. State, 44 Ala.App. 429, 211 So.2d 917." McCay v. State, Ala.App., 285 So.2d 117.

The evidence above referred to, when admitted before the jury, posed a question for their consideration. *McCay*, supra; Coleman v. State, 44 Ala.App. 429, 211 So. 2d 917.

"Robbery is a felonious taking of goods from the person of another in his presence against his will by violence or putting him in fear . . . ." Alabama Digest, Vol. 17, Robbery, Key No. 1. See cases cited.

█ The appellant argues in brief that he was not present at the time of the actual event of the alleged robbery; that is, the taking of the one dollar bill from the purse of Walter Stephens and the taking of the five dollar bill from the person of prosecutrix; but that all of the evidence offered was directed to his participation in the crime of rape of prosecutrix rather than to the crime of robbery.

In the case of Stokley v. State, 254 Ala. 534, 49 So.2d 284, the Court speaking through Justice Lawson said:

"It is well established that when, by prearrangement or on the spur of the moment, two or more persons enter upon a common enterprise or adventure and a criminal offense is contemplated, then each is a conspirator, and if the purpose is carried out, each is guilty of the offense committed, whether he did any overt act or not. This rests on the principle that one who is present, encouraging, aiding, abetting, or assisting, or who is ready to aid, abet, or assist the other in the perpetration or commission of the offense, is a guilty participant, and in the eye of the law is equally guilty with the one who does the act. Such community of purpose or conspiracy need not be proved by positive testimony. It rarely is so proved. The jury is to determine whether it exists, and the extent of it, from the conduct of the parties and all the testimony in the case. Morris v. State, 146 Ala. 66, 41 So. 274, and cases cited; Jones v. State, 174 Ala. 53, 57 So. 31; Teague v. State, 245 Ala. 339, 16 So.2d 877.

"When two or more persons enter upon an unlawful purpose, with a common intent to aid and encourage each other in anything within their common design, they are each responsible, civilly and criminally, for everything which may consequently and subsequently result from such unlawful purpose, whether specifically contemplated or not. Jones v. State, supra; Jolly v. State, supra [94 Ala. 19, 10 So. 606]; Tanner v. State, 92 Ala. 1, 9 So. 613."

After a careful consideration of the entire testimony, this Court is of the opinion that it was a question for the jury to decide whether or not the appellant was guilty of aiding and abetting his companion, Burgett, at the actual robbery and that this matter was properly submitted to the jury to determine that guilt under the required rule.

It follows that the motion to exclude the testimony was properly overruled and the grounds for a motion for a new trial directed to this question are not well taken.

The court refused thirty-one written charges requested by the appellant. The appellant contends that the court did not comply with Tit. 7, § 273, Code of Alabama 1940, recompiled 1958, in that instead of writing the word "refused" on each charge and signing his name thereto, he used a rubber stamp with which he imprinted on the several charges "REFUSED, Thomas N. Younger, Circuit Judge."

We need not go into the merits of appellant's contention in this matter since there is nothing in the record to indicate this particular procedure. The record as we have it before us is regular and there is no further evidence of any kind before the court to indicate otherwise. Therefore, this ground cannot be considered on appeal. White v. State, 262 Ala. 694, 81· So. 2d 267.

Appellant's refused charges numbered 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 19 were charges on the law of reasonable doubt and were covered in substance by the oral charge of the court. The trial court is under no duty to give a charge which is substantially and sufficiently covered in the oral charge to the jury. Tit. 7, § 273, Code, supra.

Charges 20 and 21 were affirmative in nature and under the testimony were properly refused by the court.

Charge 22 is not a correct statement of the law in that it ignores the rule with regard to aiding and abetting in the commission of a felony.

We find no error by the court in the refusal of the appellant's requested written charges above referred to.

 All acts and circumstances leading up to the commission of robbery are admissible. Glover v. State, 25 Ala.App. 423, 148 So. 160, cert. denied, 226 Ala. 578, 148 So. 161.

Acts, declarations and demeanor of an accused before or after the offense, whether a part of the res gestae or not, are admissible against the defendant but, unless part of the res gestae, not admissible for him. Willingham v. State, 261 Ala. 454, 74 So.2d 241.

Evidence of the alleged rape of prosecutrix by the appellant was admissible under the authorities above cited. Since this was part of the evidence admitted by the court, there was no error in overruling objection by appellant to argument to the jury relative to this fact. Granberry v. State, 182 Ala. 4, 62 So. 52.

Objections to the argument that the pistol introduced was not a snake gun but a man killer were properly overruled. The pistol was in evidence and counsel may argue reasonable inference. Beaird v. State, 219 Ala. 46, 121 So. 38.

In addition to appellant's argument in brief, the court has carefully considered the entire record in this cause. We find no error of a substantial nature and the cause is hereby affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

The judgment below is hereby

Affirmed.

All the judges concur.