BOWEN W. SIMMONS, Supernumerary Circuit Judge.
A jury convicted appellant of assault with intent to , rape pursuant to an indictment therefor. The trial court lawfully sentenced him to twelve years imprisonment. The record does not show appellant to be an indigent.
The alleged offense occurred on April 13, 1975. The victim [we omit her name] left her apartment, at night, accompanied by two of her children, to use a telephone. After such use, while returning home, she was accosted by a black male at 10:00-10 :- 15, who grabbed her and started pulling or dragging her down a side street; that it was misting rain, but there were lights at the intersection. She testified that she saw and observed her assailant for about ten minutes; that a truck came along, and the assailant fled.
It further appears from the victim’s testimony that at this time the man attacked, her thirteen-year-old daughter and her seven-year-old son ran up the street and called the police. It further appears that she struggled with her assailant until a truck came along, and the attacker fled.
The victim and her thirteen-year-old daughter went to the police station the next day, April 14, 1975, and viewed some five hundred photographs, selected four or five that looked similar to her assailant, and from these selections and her description, a detective drew a composite picture of the wanted man.
She further testified that on the night of April 16, 1975, Sergeant Wachob, a police officer, brought pictures to her apartment; she believed four or five. She further testified that all the pictures were those that she had already picked out on the 14th with the exception of one, that of the defendant. She then revised her testimony, stating that there was actually more than one new picture.
Sergeant Wachob testified that the pictures he took to the victim’s apartment on the night of the 16th were the same pictures that she had previously picked out on the 14th; the same four or five and subsequently used on the 15th to make a composite; that only one new picture had been added and that was one of the defendant.
The Sergeant stated that the victim and her daughter looked through the pictures; that the victim picked out the defendant’s picture saying, “I am almost sure this is the man.” The daughter testified that her mother stated that she believed this was the man, to which she, the daughter replied, “I think so, too.” The victim made the statement that if she could see the person, she would be sure.
*170 Whereupon the victim and daughter were taken to the police station. The victim was placed in an interrogation room that had a one-way mirror and identified defendant as being the man; that no attorney was present at this time.
The defendant as not advised that the assailed woman was going to be viewing him; that he was brought in and did not know she was there. No one was present but the assailed woman and the policemen.
Whereupon the defendant was subsequently arrested for the offense. Prior to being viewed at the police station, the defendant was held for investigation.
It appears that defendant denied on the stand that he was the guilty party; he claimed an alibi which was supported by his wife and family; that the first time he remembered seeing his accuser was in the courtroom on the day of trial.
It appears in the record that defendant objected to the prosecutrix’s in-court identification of defendant and asked for a voir dire examination of defendant. The voir dire request was granted. At the conclusion, the State again offered an in-court identification to which defendant again objected on constitutional grounds. The court overruled the objection and permitted the prosecutrix to identify the defendant as her assailant. The voir dire was outside the presence of the jury. The court overruled defendant’s motion to suppress the identifying evidence. The objection to the in-court identification was in the presence of the jury.
Defendant here asserts that the court’s denial of the motion to suppress and the adverse ruling of the court on the objection to the in-court identification were both prejudicial errors.
We do not think there is any merit in either contention. Both rulings were free of error.
We will preface our observations on the rulings by stating that defendant was not entitled to counsel at the photograph identification procedures nor when the accused viewed defendant in a one-way mirror. The right to counsel did not attach until the initiation of formal proceedings. None had been instituted at the time. Kirby v. Illinois, 406 U.S. 68, 92 S.Ct. 1877, 32 L.E.2d 411 (1972).
The question of the validity of the identification procedures in this case, as the Attorney General contends, must be decided on the totality of the facts, McCay v. State, 51 Ala.App. 307, 285 So.2d 117, cert. denied, 291 Ala. 788, 285 So.2d 122 (1973).
We fail to see any illegality or suggestive tactics on the part of the officers, or anyone else, that were used to influence the prosecutrix in her identification of defendant. The identifying procedures took place within three days after the attack. The prosecutrix observed the defendant for ten minutes during the attack and no doubt had many of his facial or physical features impressed on her mind. She examined five hundred pictures of different persons and came up with five that resembled the guilty person. She would not identify either picture as the guilty person.
She then supplied these pictures and her description of the assailant to the police officer who drew a composite picture of defendant. When these selected pictures and one of the defendant were brought to her home, she tentatively identified defendant, but still wanted to see him in person before making a final identification. The identity was conclusive and final when she saw defendant in a one-way mirror. The defendant could not see her, but she could see him. Thus, the identification process came to finality when he was exhibited in person.
It occurs to us that the witness did not want to make a hasty accusation or identification, but wanted to eliminate any minuscule doubt that might be lingering in her mind. When she saw defendant in person, her opinion of identity based on the pictures was confirmed.
*171 We agree with the State’s observation in its brief that clearly, the totality of these circumstances shows that it was not the police who suggested the convict’s identity to the victim, but the victim who suggested the convict’s identity to the police.
It is true that the victim’s estimate of the assailant’s height varied from his actual height by several inches. Such variance was not fatal, but was for the jury to decide what weight they would give to the identifying testimony.
We fail to find any rulings of the trial court that were prejudicial to defendant. The jury heard all the evidence, and their decision should stand.
The judgment is affirimed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.