BOOKOUT, Judge.
Robbery; sentence: ten years.
On April 9, 1974, Daisy Ward, Mattie Alford and Barbara Hatten went to the First National Bank in Birmingham at 9:00 A.M. All three women were employees of a local motel and had taken their pay checks along with checks of other employees to be cashed at the bank.
After Mattie Alford cashed her checks, she returned to the car and saw a black *219 male sitting in the back seat. She asked what he was doing there, and he said, “Barbara said that she would give me a lift.” He said that his name was Dave. When Daisy Ward and Barbara Hatten returned from the bank, they all left in the car. Each one of the women assumed their passenger was a friend of one of the other two until it was discovered that none of them knew him. At that point, he pulled a gun on them and robbed them of the proceeds of the checks. However, before leaving the car, he returned the money which belonged to the three women and kept the remainder. He told them he was returning their money, that he was “not all bad.”
Edward Cousins, a police officer, arrested the appellant on May 3, 1974, and advised him of his constitutional rights before interrogating him. Appellant was also placed in two lineups. At the first lineup, Mattie Alford positively identified him as the person who had robbed them, saying:
“I knew it was him the minute I walked in the door.
‡ sfc * * * *
“I was sure, but I didn’t want to say so. I was sure I had seen him, because I was standing out there, talking to him, at the car.”
When asked if she could identify the defendant because she had seen him at the scene of the robbery, or because someone had pointed him out to her in a lineup, she said:
“I can identify him as he robbed.”
However, Barbara Hatten did not make a positive identification of the appellant at that lineup.
The second lineup was held on May 6, 1974, wherein both Mattie Alford and Daisy Ward identified the appellant. Daisy Ward testified that she, “was kind of sure at the first one, but I just didn’t want to say, you know, without thinking of myself.”
After extensive voir dire examination, the trial court ruled that Mattie Alford’s identification was not the result of a tainted lineup. The testimony of both Barbara Hatten and Daisy Ward concerning appellant’s identification was likewise presented to the jury.
Barbara Hatten and Daisy Ward testified that the appellant pulled a gun on them and forced them to give him the money. They gave the appellant approximately $800.00. Daisy Ward stated on voir dire that the police did not point out the appellant in any way and Barbara Hat-ten testified that no name of any suspect was given her by Sgt. Cousins.
Sgt. Cousins testified as to the manner of conducting the two lineups. He stated that the appellant was identified by Mattie Alford, Barbara Hatten and Daisy Ward as the man who robbed them. He said that Mattie Alford and Daisy Ward picked the appellant from the second lineup, that Barbara Hatten did not positively identify him from the lineup, but did identify him from photographs shown to her after the lineup.
The defense presented three neighbors of appellant that testified he was at home on the morning of the robbery. They also testified as to the appellant’s good reputation. Appellant’s mother likewise testified that he was at home until noon on the date in question.
The appellant took the stand and denied taking part in the robbery. He stated that he did not own a gun and that- he was at his home during the time of the robbery.
I
Appellant contends that the in-court identification was tainted by a suggestive *220 lineup and that he was not represented by counsel at the lineups.
An accused has no absolute right to counsel at a lineup unless, at the time of such lineup, “adversary judicial proceedings have been initiated against him.” Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411. United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed. 2d 619, likewise holds that there is no right to counsel at a pre-indictment identification by photographs. The instant case concerns pre-indictment lineup and photograph identification and thus appellant was not legally entitled to counsel at that stage.
II
In the instant case, the trial court heard exhaustive voir dire examination of witnesses for both sides concerning whether a tainted or suggestive lineup was conducted.
At one point, Daisy Ward testified that Sgt. Cousins told her the suspect’s name was Lee Wright, before she viewed the lineup. However, she later testified that she was not certain whether she was told his name before or after the lineup. Sgt. Cousins testified that he did not tell any of the three witnesses a suspect’s name before viewing the lineup and that he did not in any way point out the appellant to any of them.
Viewing the evidence, we find some discrepancies in the witnesses’ recollections concerning the appellant. However, all three witnesses were present in the car for about 45 minutes at which time the appellant held a gun on them. It is not unlikely that victims of such an incident may have some trouble describing appellant’s appearance and what took place in explicit detail.
We are of the opinion that the in-court identification was not tainted by either of the two lineups. Likewise, there is evidence that the witnesses based their identification on “an independent source,” the robbery itself, not on the lineup. Cole v. State, 52 Ala.App. 447, 293 So.2d 871 (1974); Rhodes v. State, 50 Ala.App. 661, 282 So.2d 100 (1973).
The third witness, Barbara Hatten, not being certain when viewing the lineup, identified the appellant after viewing photographs. properly displayed by the police department. She stated that she was not told the appellant’s name before viewing the lineup. Sgt. Cousins, at R. p. 241, testified that Barbara Hatten had actually picked “Number 2” in the first lineup, which was the appellant, but was hesitant in her identification. She was not positive until viewing the photographs. She also stated at trial that when she returned from the bank to the car, she saw the appellant sitting in the car. We find the evidence sufficient to support the trial court’s decision that the in-court identification was not tainted.
In Mitchell v. State, 52 Ala.App. 174, 290 So.2d 241, this Court said:
“Since the only identification of the appellant by the State witness, prosecutrix, was at the preliminary trial and the main trial, her failure to make a positive identification of the appellant beforehand at a lineup or at a showing of pictures, though properly admissible as testimony, is not conclusive, but may and should be considered along with any other testimony showing any and all opportunities that she may have had personally to view or have any contact with the appellant.”
The State’s evidence made a prima facie case, notwithstanding a few inconsistencies and contradictions. However, this was a matter for the jury to consider in reaching a verdict. Conflicting evidence always presents a jury question, and a verdict rendered thereon will not be disturbed on appeal. Pugh v. State, 51 Ala.App. 164, 283 So.2d 616 (1973).
*221 A further and careful review of the entire record shows the case to be free of prejudicial error.
AFFIRMED.
All the Judges concur.