BOOKOUT, Judge.
Appellant was convicted of the offense of leaving the scene of an accident and was sentenced to serve four months in the county jail.
The accident occurred around midnight, October 31-November 1,1975. Odis Gainey *1097 testified that the accident occurred as he was driving his automobile west on county road number 86 in Covington County. He saw headlights approaching him on his side of the road. He swerved his car toward a ditch to avoid the oncoming car, however, the other car sideswiped his vehicle damaging the left rear side. The car failed to stop. Gainey could not identify the driver of the automobile that collided with him. State Trooper J. C. Fowler arrived at the scene of the accident shortly thereafter and picked up two pieces of chrome molding which were lying at the point of the impact.
Jimmy Lanier, Jr., testified that around midnight on the night in question he was driving his automobile in a westerly direction on the same road when he was approached by a vehicle which was moving very slowly. He said the approaching car was a 1957 Chevrolet with a damaged left front fender. Lanier could not identify the driver of the vehicle.
State Trooper J. C. Fowler testified that he investigated the accident sometime shortly after midnight. He stated that he was informed that the vehicle which failed to stop after the collision was a 1957 Chevrolet, dark in color. He picked up some chrome molding at the scene of the accident and kept in in his possession until the date of the trial.
Fowler said that by a process of elimination, checking on 1957 Chevrolets he was aware of in the community, he went to the appellant’s house to look at his automobile. Fowler was armed with a “John Doe” arrest warrant. On arriving at the appellant’s house, he saw a car parked in the yard. He said, “It was a 1957 Chevrolet four-door sedan, two-tone with a light tan or beige top with a darker brown bottom with damage to the left front fender and also the front of the front fender.” He said the damage to the fender appeared to be fresh. He testified as to matching the chrome found at the scene of the accident to that of appellant’s car:
“Q. All right. After you saw Mr. Wor-ley’s car, did you do anything with those pieces of chrome?
“A. Yes, sir. I taken (sic) the pieces of chrome and put them up to the fender and also around the edge of the front fender. Those' two pieces of chrome matched to the concave of the fender and also matched to the broke piece here. I am coming around to the front.
“Q. This small piece here is broken and jagged on one end, did you fit that into the chrome on his car?
“A. Yes, I did, sir.
“Q. And, did this jagged end here mesh with the jagged end on his car?
“A. Yes, it did, sir.”
Fowler testified that after giving appellant the Miranda warning, the appellant made a statement to him to the effect that the automobile had not been running for some time because of starter trouble, that it could not have been driven, and that “nobody else drove it” but the appellant.
The appellant testified that his car had not been running for a month or more due to a defective fuel pump and that he was not driving the car on the night of the accident. He stated that the car was some twenty years old and had dents in it and that the left front fender was missing. He stated that Trooper Fowler did not have the chrome molding with him when he first came to appellant’s home to look at the car.
I
Appellant contends that the inspection of the automobile by Trooper Fowler amounted to an unlawful warrantless search.
Trooper Fowler had probable cause to believe that appellant’s car was involved in the accident. An automobile similar to appellant’s had been observed near the scene of the accident at the approximate time of the accident with damage to its left front fender. The automobile being searched for was described to the officer as a dark colored, 1957 Chevrolet, and appellant’s automobile was a dark colored, 1957 Chevrolet. • There was brown paint on the strips of molding recovered at the scene of the accident which matched the color of appellant’s car. Appellant’s car was observed by the officer to have a damaged left front fender.
*1098 Appellant stated that Trooper Fowler drove up to his house and stated that he wanted to check appellant’s car. Appellant replied, “I said well, it’s setting out there and I walked out there with him.” Appellant testified that when the trooper came to his house, “[h]e said let’s go out there and look at your car and I said O.K. I walked out there and looked at the car and started back and he says you are under arrest.”
We believe the officer had probable cause to inspect the automobile under the circumstances set out above and in addition, appellant’s testimony establishes that he consented to the inspection of the automobile. In any event, the United States Supreme Court has held that the search of an automobile is far less intrusive on Fourth Amendment rights than the search of one’s person or a building, and that one has a lesser expectation of privacy in a motor vehicle than in a residence. That Court found that the examination of an automobile’s exterior upon probable cause differs from a traditional search, and is not unreasonable under the Fourth and Fourteenth Amendments. Cardwell v. Lewis, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974). Also see: South Dakota v. Opperman, - U.S. -, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).
II
Appellant contends that the evidence was insufficient to support a conviction. We disagree.
True, there were no eyewitnesses to positively identify the appellant as the driver of the vehicle or to positively identify appellant’s car as the one involved in the accident, nevertheless the circumstantial evidence presented is strong enough to point to the appellant as the guilty party. Seldom will a “hit and run” case occurring at night present any stronger evidence than presented here. Seldom will there be an eyewitness identification of the fleeing driver, which leaves the State only circumstantial evidence with which to proceed.
Appellant’s car fit the description of the vehicle involved in the accident. The chrome molding found at the scene of the accident was an exact fit with that on appellant’s car. That molding contained paint of the same color as the appellant’s car. The appellant stated that no one else had driven the car but him.
The appellant testified that the car could not be driven due to a defective fuel pump and that he had not driven it on the night in question. This conflicting evidence presents a jury question, and we have repeatedly held that where such exists the jury’s verdict will not be disturbed on appeal. Pugh v. State, 51 Ala.App. 164, 283 So.2d 616 (1973). Therefore under the facts set out, there was sufficient evidence presented, though circumstantial, from which the jury by fair inference could find the appellant guilty. The jury chose to believe the State’s evidence rather than the appellant’s testimony, and we will not disturb their verdict.
AFFIRMED.
All the Judges concur.