The defendant was indicted and convicted for arson in the first degree. Sentence was twenty years' imprisonment. On appeal the defendant argues that in-court identification was tainted by an impermissibly suggestive out-of-court identification procedure
State's witness Michael Donders testified that he saw the defendant leave the victim's house immediately after he saw flames burst from the rear of the house. Shortly thereafter Donders was shown four mug shots by the investigating officers but was unable to identify the defendant's photograph
The next morning Donders was shown a single photograph depicting three men and four women in a casual family type setting. Donders immediately identified one of the men in this picture as the person he saw leaving the scene of the fire
This is not an inherently suggestive photographic showup procedure because the single family photograph depicted other males besides the defendant and because *Page 1077 
the defendant's appearance in the family photograph is significantly different from his appearance in the mug shot Compare Brazell v. State, 369 So.2d 25 (Ala.Cr.App. 1978), cert. denied, 369 So.2d 31 (Ala. 1979). Yet, even if it be assumed that the photographic identification was suggestive, an examination of the five factors listed in Neil v. Biggers,409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), for determining whether an independent basis exists for the in-court identification leads us to the conclusion that the trial judge could reasonably have determined that the identification was reliable and did have an independent basis. Manson vBrathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977);Cartee v. State, 390 So.2d 1121 (Ala.Cr.App.), cert. denied,390 So.2d 1126 (Ala. 1980)
The fact that the witness was unable to make an identification of the defendant from the photographic line-up conducted the night of the crime does not require the exclusion of his in-court identification, but rather goes to the weight and credibility of his testimony. Williams v. State,348 So.2d 1101 (Ala.Cr.App.), cert. denied, Ex parte Williams,348 So.2d 1105 (Ala. 1977); Thomas v. State, 332 So.2d 168 (Ala.Cr.App.), cert. denied, 332 So.2d 171 (Ala. 1976)
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed
AFFIRMED
All Judges concur