DeCARLO, Judge.
Robbery in the first degree; life imprisonment without parole.
Prior to trial, appellant filed a motion to suppress the identification of appellant by the victim, Ms. Betty Strother. Testimony at the suppression hearing established that on January 11, 1981, Ms. Strother was the manager of Grant’s Convenience Store in Birmingham, Alabama, when about 9:00 p.m. two black males entered the store. One of them, whom Ms. Strother identified as the appellant, pulled a gun, said “Give me your money, bitch,” and then took all the cash in the register.
Ms. Strother testified that the store’s lighting conditions were good and that she saw the man with the gun for five to ten minutes and got a good look at his face. He was anywhere from five feet seven inches to six feet tall and had a space between his front teeth. Ms. Strother said that shortly after the robbery Sergeant Howard B. Phelps of the Birmingham Police Department showed her two sets of photographs, but she did not, at either time, verbally pick out a picture of the man who had robbed her.
Appellant’s counsel then asked Ms. Strother to read the following excerpts from her testimony at the preliminary hearing:
“Q Did you pick anyone out of those photographs?
“A Yes, I picked him out.

“Q You thought one of the men in the photograph was the robber?
“A Yes.”
Ms. Strother explained that, at the preliminary hearing, she meant that she was making a mental comparison between the robber’s face and the men pictured in the photographs, but she did not tell Sergeant Phelps that she thought her assailant was pictured.
The witness also stated that on February 12, 1981, she attended a line-up containing six black males at the Birmingham City Jail. Initially, she told Sergeant Phelps that she thought her assailant was number *1370 three, the appellant. Sergeant Phelps then directed each of the subjects to step forward, to say “Give me your money, bitch,” and to show his teeth. Ms. Strother then positively concluded that the man who had robbed her was the appellant, and she informed Sergeant Phelps.
Sergeant Howard B. Phelps testified that neither of the two sets of photographs shown Ms. Strother contained appellant’s picture. He stated that he did not at any time, either during the photographic display or at the live line-up, indicate whether a particular suspect was or was not included, or whether he had any idea of who had committed the offense.
The court denied the motion to suppress, and at trial Ms. Strother positively identified appellant as one of her assailants. She stated that although she “thought” — but did not at the time say — that one of the photographs looked like the robber, she asked Sergeant Phelps to bring out some more pictures because she “wanted to be sure.” After the State concluded its evidence, the defense presented several witnesses and then made it known to the court that two of its witnesses were not present. From the record:
“MR. SIMONETTI [Defense Counsel]: Your Honor, as you know, I had two witnesses subpoenaed, one George Spra-gin and one Horace Richardson. They did not show up yesterday and they are now under a writ of attachment. And they are not here right now. And it is my understanding that since they are not here, you wish to proceed.
“I would make a motion, for the record, that we delay proceedings until they can be attached and brought here. And further, that when they are attached and brought here, that I be given a reasonable further delay to talk, particularly to Mr. Spragin, with whom I have had no opportunity to confer at any length. “And that is what I would like to put on the record.
“THE COURT: Did you go out to look for them last night or try to call them or anything?
“MR. SIMONETTI: I tried to call them. I tried to call them numerous times.
“THE COURT: All right.
“MR. SIMONETTI: I left messages, and they are impossible to get in touch with.
“THE COURT: All right. We will go on this morning.
“It may be that they just don’t want to come in or [are] evading you.
“MR. SIMONETTI: Well, that may be the case, Judge, that may well be the case. And that is why they are under writ of attachment.
“MR. COLEE: Were they served with subpoenas?
“MR. SIMONETTI: They were served. They were served.
“THE COURT: All right. We will go on. Have you got anybody else you would like to use?
“MR. SIMONETTI: If it is your intention to proceed, Your Honor, I have no other people that I wish to call besides them.
“THE COURT: All right. We will go on with the arguments.”
I
The trial court did not err in denying the motion to suppress the identification testimony. Even if Ms. Strother’s preliminary hearing testimony is taken to mean that she first identified a photograph of someone other than the appellant as the man who robbed her, this mis-identification did not require the exclusion of her in-court testimony. A victim’s previous mistaken identification affects the weight and credibility rather than the admissibility of her later testimony. See Carter v. State, 406 So.2d 1076 (Ala.Cr.App.1981); Williams v. State, 348 So.2d 1101 (Ala.Cr.App.), cert. denied, 348 So.2d 1105 (Ala.1977); Mitchell v. State, 52 Ala.App. 174, 290 So.2d 241 (1974).
This principle applies whether the witness fails to pick out the defendant or *1371 chooses someone other than the defendant. See United States v. O’Neal, 496 F.2d 368 (6th Cir.1974); United States ex rel. Gilliard v. La Vallee, 376 F.Supp. 205 (S.D.N.Y.1974). Accord, Kimbrough v. State, 379 So.2d 934 (Miss.1980); State v. Oliver, 84 Wis.2d 316, 267 N.W.2d 333 (1978).
In view of Ms. Strother’s opportunity to observe her assailant during the robbery, there was no error in allowing her to identify appellant at trial. See Rhodes v. State, 50 Ala.App. 661, 282 So.2d 100 (1973); Hannon v. State, 48 Ala.App. 613, 266 So.2d 825 (1972). Any inconsistency between her earlier hesitancy or mistake about the photographic display, and her later certainty in choosing appellant from the line-up, was properly left to the jury to weigh and resolve. See McCay v. State, 51 Ala.App. 307, 285 So.2d 117, cert. denied, 291 Ala. 788, 285 So.2d 122 (1973).
II
Appellant argues that the trial court erred by refusing to continue the trial until his two defense witnesses could be brought in under writ of attachment.
Generally, a court will not be put in error for denying a continuance for absent witnesses in the absence of a showing of what the witnesses would testify. Sparks v. State, 46 Ala.App. 357, 242 So.2d 403, cert. denied, 286 Ala. 738, 242 So.2d 408 (1970), cert. denied, 402 U.S. 909, 91 S.Ct. 1382, 28 L.Ed.2d 650 (1971).
Although appellant made a showing, at the hearing on motion for new trial, of what he expected the witnesses to say, he did not so inform the court at trial. Under these circumstances, the trial court did not abuse his discretion and the motion for new trial was properly denied. See Ala.Code § 15-17-5(a)(6) (1975).
We have examined the issues presented on this appeal and have found no error. The judgment of conviction by the Jefferson Circuit Court is therefore affirmed.
AFFIRMED.
All the Judges concur.