354 So.2d 294 (1977)
In re Kenneth HAMMOND
v.
STATE of Alabama.
Ex parte Kenneth Hammond.
SC 2515.
Supreme Court of Alabama.
December 16, 1977.
Rehearing Denied February 10, 1978.
*295 John W. Kelly, III, of Jackson & Sikes, Selma, Loma B. Beaty, Patrick H. Tate, Fort Payne, for petitioner.
William J. Baxley, Atty. Gen., and James S. Ward and Edward E. Carnes, Asst. Attys. Gen., opposed, for the State.
BEATTY, Justice.
The petition for writ of certiorari to the Court of Criminal Appeals is quashed as improvidently granted.
WRIT QUASHED.
TORBERT, C. J., and BLOODWORTH, MADDOX, JONES, ALMON and SHORES, JJ., concur.
FAULKNER and EMBRY, JJ., dissent.
FAULKNER, Justice (dissenting).
By quashing the writ the majority of this court lets stand the judgment of the Court of Criminal Appeals. I would reverse and remand because, in my opinion, Hammond has been denied due process of law, under the 14th Amendment to the Constitution of the United States.
Kenneth Hammond, while serving as a Commissioner on the Alabama Public Service Commission was indicted for inciting to a felonybribery. Under Count 1 of the indictment the case went to the jury, charging Hammond in the disjunctive with inciting Rex Moore or John Moore of Tops Vending Company, or Charles Price of South Central Bell Telephone Company, to:
1. Corruptly offer, promise or give
2. To Hammond as an executive, legislative or judicial officer;
3. A gift, gratuity, or thing of value, to-wit money or proceeds from or in connection with the operation of certain vending machines in, to-wit South Central Bell Telephone Company buildings, Montgomery, Alabama, in the amount of to-wit $10,000.
4. With intent to influence Hammond's vote, opinion, decision or judgment on a cause, matter or proceeding pending before him in his official capacity as President, Public Service Commission, to-wit a telephone rate or charge increase requested by South Central Bell Telephone Company.
Hammond was convicted by a jury, and the trial court sentenced him to three years in the penitentiary. On appeal to the Court of Criminal Appeals, affirmed. We granted certiorari on the alleged ground of whether Hammond received constitutional due process of law by being convicted without substantial evidence on all elements of the crime to support the conviction. The majority did not write an opinion giving their reasons for affirmance, yet it is obvious that the Court of Criminal Appeals had grave doubts about this case. The court said:
"A complex and many-faceted count is the basis for depriving appellant of his liberty. We have been presented with a hodge-podge of facts and are told that upon one theory or another, they substantially prove every material allegation of the indictment. In order to find one theory or one alternative which would support the instant conviction, it has been necessary to fit facts together like connecting pieces of a complex jigsaw puzzle. When the task is completed, we find only one theory from which a jury could draw an inference of guilt. The evidence that appellant incited Price to bribe him, pursuant to the wording of Title 14, § 63, is far from overwhelming. Yet, we find it to be sufficient to meet the bare minimum *296 standards to support the verdict of the jury." (Emphasis added.)
Further, the court said:
"The first two alternatives of Count 1 are not sustained by the proof. Although the jury could reasonably find that appellant incited the Moores to offer him money, there is absolutely no proof that the offer was for the purpose of influencing appellant's vote on the Bell rate request. There was not one iota of evidence that the Moores had any interest whatsoever in the rate request. The Bell rate request was never mentioned in any conversation between appellant and the Moores. If Count 1 is sustained by the proof, it must be on the third alternative concerning Charles Price."
The majority, by quashing the writ, agrees with the Court of Criminal Appeals. By doing so, they have introduced a new standard of evidence to support a convictionbare minimum standardsin the field of criminal law. This is a dangerous departure from the substantial evidence rule, and the "bare minimum standards" violate Hammond's constitutional rights. In Ex Parte Grimmett, 228 Ala. 1, 152 So. 263 (1963) this court held that there must be substantial evidence to prove all the elements of the charge. The scintilla rule of evidence applicable in civil cases does not apply to criminal cases because the presumption of innocence, shielding every prisoner at bar, is not overcome by a mere scintilla of evidence.
Here, there was no evidence at all that Hammond was offered, promised, or given any gift, gratuity, or thing of value to influence his vote on a pending rate case. This court held in Clemons v. City of Birmingham, 277 Ala. 447, 171 So.2d 456 (1965) that it is a violation of due process of the 14th Amendment to the Constitution of the United States to convict and punish a person without any evidence at all of his guilt. Where is there any evidence at all of guilt here that Hammond incited Charles Price to bribe him to vote favorably on a pending rate case?
Price testified that in 1974, Hammond told him that he had friends in the vending machine business and wanted to know whether machines could be put in some of Bell's buildings. He and Hammond discussed, on several occasions, whether the machines (Moore's machines) had been placed in Bell's buildings. Finally, the machines owned by Moore were placed in the buildings in January, 1975. Two or three months later, he testified, Hammond told him to take out the machines. On direct examination Price testified:
"Q. Did you bring the subject up about these vending machines or did Mr. Hammond?
"A. Mr. Hammond.
"Q. Tell the court and the jury, then, what was said at that time, on that occasion, with reference to these vending machines by the defendant?
"A. Well, he started asking me to take them out. I said, "Well my Lord, you were after me a number of weeks to put them in and they've been in two or three months and why do you want me to take them out? And, as I recall, he said, `They are a bunch of crooks and get the machines out.'
"Q. Did you take them out or take any steps to get them taken out?
"A. Not immediately, this went on, you know, several times, and finally it got right obvious he was pushing pretty hard and I needed to do something.
* * * * * *
"Q. Calling your attention up then to the latter part of June, or the first part of July, had you done anything up to that point, say, the first of July, thatwith reference to getting them out?
"A. I'm not sure just when the date was that I went out to see the Moores, but it was around that time, and I'm not sure when it was. It was right around the first of July.
"A. Did Mr. Hammond say anything to you aboutwith reference toto *297 refresh your recollection, that you had talked long enough, that you better have some action on them?
"A. Yes, sir. As I recall, the last conversation I had before I went out to see them, that he told me then, he said, `We been talking about this for a long time. We are not going to get along, and I mean for you to get these machines out.'" It is this evidence that the State must rely on to support the inciting of the bribery charge as it related to Price. To this the Court of Criminal Appeals responded (the court had already said that "there is no evidence that Price was incited to pay any money to appellant [Hammond]"): "If appellant, in ordering Price to have the machines removed, was acting out of revenge, or for the self-satisfaction he would receive by punishing the Moores for not meeting his earlier demands, then `he would not receive anything to which the law would attach value.' However the jury heard the witnesses and observed their demeanor. They listened to the testimony of the Moores, Price and of the appellant. `It could properly be found upon the evidence, together with the inferences which need not be necessary or unescapable so long as they are reasonable and warranted that it had been proved beyond a reasonable doubt,' that appellant intended that his threat, transmitted through Price, would cause the Moores to give in and pay him money . . Price's action could thus be considered `a thing of value' to appellant." (Emphasis added.) This is, indeed, a bizarre holding, yet the majority of this court has approved it without saying why.
It must be remembered that Hammond was charged with inciting Price to corruptly offer, promise, or give him $10,000, with intent to influence his vote on a rate case pending before the Public Service Commission. The proof just does not agree with the charge.
It is my opinion that Hammond has been denied due process of law. I am shocked that a "bare minimum standard of evidence to sustain a conviction" rule adopted by the Court of Criminal Appeals, has been approved by a majority of this court. Is one class of defendants subject to the "substantial evidence rule" and holders of a political office subject to the "bare minimum standard" rule? What has happened to that saying, "Equal justice under the law" without regard to that person's persuasion?
I would reverse and remand for a new trial.
EMBRY, J., concurs.