369 So.2d 885 (1979)
Floyd DUNCAN
v.
STATE.
7 Div. 634.
Court of Criminal Appeals of Alabama.
March 27, 1979.
Rehearing Denied April 17, 1979.
*886 Loma B. Beaty, Fort Payne, for appellant.
Charles A. Graddick, Atty. Gen., and Milton E. Belcher, Asst. Atty. Gen., for the State.
BOOKOUT, Judge.
Assault and battery; sentence: $500 fine and six months imprisonment in the county jail.
On the night of July 8, 1978, the appellant became involved in a fight with Thomas Hughes. Hughes was visiting in the home of appellant. During the course of the fight, the appellant managed to obtain a .22 caliber rifle and fire three shots at Hughes. Hughes was later taken to a hospital and treated for a gunshot wound.
The appellant was tried on the charge of assault with intent to murder. The conviction was for the lesser offense.

I
Appellant contends that the trial court committed reversible error by denying him a right to a preliminary hearing. He claims that § 15-11-1, Code of Ala.1975, gives him an absolute right to a preliminary hearing. Section 15-11-1 states:
"Every person charged with and arrested for a felony before his indictment shall have an absolute right to a preliminary hearing on said charge upon such person's demand within 30 days following said arrest; provided, that such person's failure or refusal to appear for such preliminary hearing or his absence from the state at the time of the setting for the preliminary hearing shall not delay or invalidate an indictment pursuant to said charge."
Appellant was arrested on July 14, 1978. He filed a request for a preliminary hearing on July 18, 1978. Ten days later and before the trial court ruled on appellant's request for a preliminary hearing, he was indicted by the grand jury.
The wording of this new code section has created considerable confusion. It has long been held in this jurisdiction that a preliminary hearing is not a required procedure for criminal prosecution, and that no right to such exists in Alabama after indictment. Johnson v. State, Ala.Cr.App., 335 So.2d 663, cert. denied, Ala., 335 So.2d 678 (1976). However, § 15-11-1, supra, appears to give defendants charged with a felony an absolute *887 right to a preliminary hearing in cases where they are arrested before they are indicted. It has been suggested to this court in the past that the legislature actually intended to state that "every person charged with and arrested for a felony shall, before his indictment, have an absolute right to a preliminary hearing." While that interpretation would be more logical, that is not what the legislature has enacted. From the wording of the statute, the right to a preliminary hearing is triggered by the accused being charged and arrested before his indictment. That section pronounces an "absolute right," but provides no sanction for a violation. Whether an accused, armed with § 15-11-1, could obtain a writ of mandamus to compel the trial judge to grant that absolute right is not in issue. The issue is whether the failure to grant a preliminary hearing after indictment amounts to reversible error on appellate review of the case.
The appellant's remedy in a preliminary hearing would be dismissal of the charge if there is a lack of probable cause. The returning of an indictment is a finding that probable cause does exist. There is still no constitutional requirement in Alabama that there be two inquiries into probable cause. Ex parte Campbell, 278 Ala. 114, 176 So.2d 242 (1965). Constitutionally, a preliminary hearing is not necessary to satisfy the requisites of due process, and the fact that there was no preliminary hearing in cases prior to the enactment of the statute in question has had no bearing on the validity of an indictment or subsequent proceedings. Scaife v. State, Ala.Cr.App., 337 So.2d 146 (1976).
While the appellant's statutory right to a preliminary hearing may have been infringed in the instant case, we hold that no reversible error results where an indictment has been returned against the accused. It would be folly on the part of this court to reverse a case in order to require a repetitious inquiry into probable cause where such had already been determined by the grand jury. For this reason, we hold that any error committed by the trial court in not granting the appellant a preliminary hearing was harmless. Rule 45, Alabama Rules of Appellate Procedure.

II
The appellant filed a pleading styled "Plea in Abatement" on August 11, 1978, challenging the fact that he had not been given a preliminary hearing. On September 20, 1978, the date of the trial, the trial court granted the State's motion to strike the appellant's plea. The appellant contends that a jury should have heard the plea in abatement. Although the plea contained a written demand for a trial by jury, no objection was made to the trial judge sitting without a jury at the time the hearing was held on the plea and the motion to strike. Pleas are to be determined according to their substance and not necessarily by the wording of the caption. Section 15-15-3, Code of Ala.1975. The substance of the instant plea does not raise a question of fact for a jury to determine, such as in cases of misnomer or former jeopardy. The only ground for "abating" the criminal prosecution was the failure of the trial court to hold a preliminary hearing. The determination of whether a preliminary hearing should or should not be granted is a legal issue not requiring a factual determination by a jury. Based upon the reasoning set out in Part I, supra, the trial judge committed no reversible error in granting the State's motion to strike the appellant's "Plea in Abatement." We would analogize this to the instance where a trial judge denies a plea of former jeopardy without the intervention of a jury. Although a jury should try the issue, no error results where the claim is unfounded. Simpson v. State, Ala.Cr.App., 354 So.2d 317 (1977), cert. denied, Ala., 354 So.2d 324.

III
Appellant contends that, during the lunch recess in his trial and before the jury returned the verdict, there was an unlawful separation of the jury. He contends that this is prima facie reversible error.
*888 At the hearing on the appellant's motion for a new trial, appellant testified that he saw a lady juror go to a water fountain, get a drink of water, and go back inside the door. There was no testimony as to where this water fountain was located or what door the juror went inside. Appellant could not be certain whether the juror spoke with anyone. The juror was never identified. Appellant testified that he immediately informed his attorney and that his attorney also saw the juror go to the water fountain.
There was no objection at trial as to the separation of the jury, nor was there a motion for a mistrial. The issue was raised for the first time on motion for a new trial. An unauthorized jury separation is normally raised on motion for new trial when that fact is discovered by the defense after a verdict is returned. However, where defense counsel has knowledge of an error, he may not remain silent and gamble on a favorable verdict and then raise the matter in a motion for new trial when the verdict turns out unfavorable to the defendant. Welch v. State, 57 Ala.App. 72, 326 So.2d 137 (1976); Daniels v. State, 49 Ala.App. 654, 275 So.2d 169 (1973). The calculated silence of the appellant and his counsel amounts to a waiver in such a circumstance.
AFFIRMED.
HARRIS, P. J., and TYSON and DeCARLO, JJ., concur.
BOWEN, J., dissents.
TYSON, J., files opinion.
TYSON, Judge, concurring.
I concur in the principal opinion in this cause as prepared by Judge Bookout.
With reference to the alleged failure of the trial court to grant the appellant a preliminary hearing, it should be here noted that the Supreme Court of Alabama in Queor v. State, 278 Ala. 10, 174 So.2d 687, pointed out that the failure to conduct such a preliminary hearing would have no bearing on the validity of the indictment and subsequent proceedings incident thereto, i. e., the arraignment and trial.
Nor does the alleged failure to grant the appellant a preliminary hearing violate his constitutional rights. Queor v. State, supra; Core v. State, 50 Ala.App. 533, 280 So.2d 794, cert. denied, 291 Ala. 776, 280 So.2d 797; Daniels v. State, Ala.Cr.App., 335 So.2d 412.
BOWEN, Judge, dissenting.
As the majority recognizes, it is generally held that a post-indictment preliminary examination would be an empty ritual as the State's burden of showing probable cause would be met merely by the return of the indictment. This is because the only legal justification for the existence of a preliminary hearing is to protect innocent persons from languishing in jail on totally baseless accusations. Certainly there is no constitutional right to a preliminary hearing. Goldsby v. United States, 160 U.S. 70, 73, 16 S.Ct. 216, 218, 40 L.Ed. 343 (1895).
Despite all of this our statute provides an "absolute right" to a preliminary hearing. In this regard the comments to the proposed Alabama Rules of Criminal Procedure (June 1, 1977) are enlightening.
"Once the grand jury has returned an indictment the court does not have power to dismiss the indictment on a finding of no probable cause; thus a preliminary hearing held after return of an indictment would be a useless gesture, other than as a discovery deposition presided over by a judge. The dismissal of an indictment once returned can only come about by a circuit court granting defendant's motion to dismiss, or by the court granting the district attorney's motion for nolle prosequi. See Title 15, § 257, Code of Alabama 1940 (§ 15-8-130 Code of Ala.1975).
"While § 4-106(f) of Act 1205, Regular Session 1975 (§ 15-11-1, Code of Ala. 1975), requires a preliminary hearing in all cases unless waived, this requirement has been modified by the addition of Rule 5.1(a)(4), which precludes preliminary hearings being held after return of an indictment. The resulting denial to defendants of an absolute right to the discovery *889 mechanism of a preliminary hearing is adequately offset by other rules which provide defendants with formal methods of discovery designed to eliminate trial `by ambush' and by expanded pre-trial motion practice."
Proposed Rules, pp. 46-47.
The failure to observe the plain mandate of a statute cannot be said, as a matter of law, to be unprejudicial. Brewer v. State, 23 Ala.App. 35, 37, 120 So. 301 (1929); Hart v. State, 21 Ala.App. 621, 622, 111 So. 47 (1927). The legislature has given a defendant an "absolute right" and so having done, the courts must abide.
The finding that the appellant has not been prejudiced in the denial of a preliminary hearing because of a later finding of probable cause overlooks the fact that a preliminary hearing may afford the accused certain limited rights of discovery.
Therefore I must dissent from the opinion of the majority.