455 So.2d 956 (1984)
Ex parte Robert Lee COPELAND.
(In re Robert Lee Copeland, Jr., alias v. State of Alabama).
83-970.
Supreme Court of Alabama.
August 31, 1984.
Jack W. Wallace, Jr., Montgomery, for petitioner.
Charles A. Graddick, Atty. Gen., for respondent.
TORBERT, Chief Justice.
WRIT DENIED.
MADDOX, JONES and SHORES, JJ., concur.
BEATTY, J., concurs specially.
BEATTY, Justice (concurring specially):
While I concur in the denial of this writ, I wish to point out that the cases[1] concerning a defendant's right to a preliminary hearing under § 15-11-1, Code of 1975,[2] including the present case, have all failed to analyze § 15-11-1 with reference to its *957 historical framework. These opinions show a lack of appreciation for the distinction between the process of arrest based upon indictment and the process of arrest based upon affidavit and warrant, and they ignore what appears to be the legislature's no doubt well-intended but poorly drafted effort to accommodate these two.
The present case also raises, in my mind, the question of whether the prosecutor's power to nol-pros criminal charges can be reconciled with § 15-11-1. While that issue was not properly before the Court of Criminal Appeals, cf. Duncan v. State, 369 So.2d 885 (Ala.Crim.App.1979) (noting that "[w]hether an accused, armed with § 15-11-1, could obtain a mandamus to compel the trial judge to grant that absolute right [to a preliminary hearing] is not in issue"), it is a question which, when properly presented, should be given careful consideration. But see Hammond v. State, 354 So.2d 280 (Ala.Crim.App.), cert. quashed, 354 So.2d 294 (Ala.1977), cert. denied, 439 U.S. 823, 99 S.Ct. 91, 58 L.Ed.2d 115 (1978) (holding without discussion and without even mentioning § 15-11-1 that the defendant was not "denied a constitutional right when the State nol-prossed the charges in the county court immediately prior to his preliminary hearing and then proceeded in circuit court by way of indictment.").
NOTES
[1] Nobis v. State, 401 So.2d 191 (Ala.Crim.App.), cert. denied, 401 So.2d 204 (Ala.1981); Duncan v. State, 369 So.2d 885 (Ala.Crim.App.1979). See also Ex parte Potts, 426 So.2d 896 (Ala. 1983).
[2] Section 15-11-1 provides: "Every person charged with and arrested for a felony before his indictment shall have an absolute right to a preliminary hearing on said charge upon such person's demand within 30 days following said arrest; provided, that such person's failure or refusal to appear for such preliminary hearing or his absence from the state at the time of the setting for the preliminary hearing shall not delay or invalidate an indictment pursuant to said charge."