TYSON, Judge.
Harold Dean Haggermaker was charged by indictment with trafficking in cannabis contrary to § 20-2-80(l)(a) Code of Alabama 1975, as amended 1981. At trial the jury found the appellant “guilty as charged” and following a sentencing hearing the trial court set sentence at five *194 years’ imprisonment and imposed a fine of $25,000 and costs.
Since the facts in this cause are not in material dispute, only a brief statement will be herein set out.
On September 7, 1982, pursuant to a search warrant Sheriff's Deputy James Hudson, accompanied by Sergeant Taylor of the Decatur Police Department, drove in one vehicle to the residence of the appellant which was a house trailer on Highway 36 outside of Hartselle, Alabama in Morgan County.
In another vehicle Deputy Sergeant Price and Officer Frank DeButy of the Decatur Police Department also accompanied them.
As the two vehicles approached the mobile home they observed a Pontiac LeMans automobile, burnt orange in color, which they recognized had been parked on occasion at the residence at issue. The officers stopped this vehicle which was being driven by the appellant and advised him that they had a search warrant for the residence and directed him to accompany them back to the residence. The warrant was then executed at the residence. This occurred between 1:30 and 2:30 on the afternoon in question. Two of the officers went inside the home and in the large bedroom where the appellant stayed with his “girl friend” the officers found, in a male’s army jacket, a large plastic bag containing leafy plant material which was subsequently determined, upon examination, to be marijuana.
From two other locations in the home and outside the home the officers also obtained material which, upon examination through the State Toxicologist’s Office by Mrs. Martha Odom, it was determined that all of the material which was seized and was identified at trial as State’s Exhibits 3, 10 and 11, contained a total weight of 1385.89 grams or 3.06 pounds of marijuana. Mrs. Odom specifically noted at trial that the total weight was in excess of 3 pounds. (R. 117). She also identified all of the leafy plant material which was contained in several plastic bags as being marijuana or Cannibis sativa L., contrary to law. Haynes v. State, 54 Ala.App. 714, 312 So.2d 406 (1975), cert, denied, 294 Ala. 758, 312 So.2d 414 (1975).
The appellant, after his motion to suppress the search was denied, took the stand and testified at trial that the marijuana found on the premises was not his and denied having any knowledge of same.
I
The appellant first contends that the State did not provide the appellant, pursuant to his motion to inspect and test the evidence, certain of the marijuana or marijuana seeds so that he could test same prior to trial. The appellant relies on Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
In appellant’s motion to produce file pri- or to trial (R. 219-225) the appellant does mention “any and all evidence taken from the defendant” as well as “any and all evidence which the State of Alabama intends to introduce at trial.” However, nowhere in the aforesaid motion to produce does the appellant specifically mention the contraband marijuana or a desire to have certain chemical analysis performed on same.
In Perry v. State, 371 So.2d 969 (1979), cert. denied 371 So.2d 971 (Ala.1979), Judge Bowen specifically pointed out that “a motion for discovery” is not a mere “fishing expedition”.
Inasmuch as the appellant here contends that he desired to have certain tests or chemical analysis performed on the marijuana seized upon the premises at issue, the appellant must have specifically requested same in his motion. Due to his failure to ask for such, we cannot ascribe error to the trial judge’s ruling in the case at bar. This ruling originally granted the motion to produce, prior to trial, as to any written confessions or admissions of any type by the appellant to any law enforcement officer, as well as any evidence or information in the possession of the District Attorney, which was exculpatory in nature and which would tend to provide *195 favorable evidence to the appellant. (R. 233).
For aught that appears the State complied, through the District Attorney, with the appellant’s motion. We cannot ascribe error in the record presented for our review in this cause because there has been no showing of abuse on the part of the trial court with reference to the motion for discovery. See Wicker v. State, 433 So.2d 1190 (Ala.Crim.App.1983) and authorities therein cited.
II
Appellant next argues that error was committed in this cause by failure to provide him with a preliminary hearing prior to trial. As pointed out by the court in Duncan v. State, 369 So.2d 885 (Ala.Crim.App.1979) “No reversible error occurs where an indictment has been returned against the accused ... since the court is not required to hold a repetitious inquiry into probable cause.”
Similarly, this court upheld the denial of a preliminary hearing in Bradford v. State, 387 So.2d 906 (Ala.Crim.App.1980), cert, denied, 387 So.2d 913 (Ala.1980).
Likewise, in Potts v. State, 426 So.2d 886 (Ala.Crim.App.1982), affirmed 426 So.2d 896 (Ala.1983), it was determined that there is no constitutional requirement that there be two inquiries into probable cause. Therefore we find that the trial court did not commit error by failing to grant the appellant a “preliminary hearing” in this cause.
III
The appellant finally asserts that he was precluded by the trial court’s ruling in his questioning of Lt. Taylor by establishing that certain of the marijuana was “non-germinating seed” and, therefore, excluded from the total of the marijuana seized by virtue of the search at issue.
“Q. Have you ever found any marijuana in all of your narcotics investigations as sorry as this lot of seeds that you have introduced into evidence here and charged this man with trafficking on?
“A. Yes, sir.
“Q. Where?
“A. Two or three different occasions.
“Q. When?
“A. Do you want me to pull case reports—
“Q. I would be interested — you popped off and said “Yeah” real quick.
“A. The answer to the question is yes, sir. On many occasions you find a bag similar to that bag of seeds inside a residence. If you want specifics, I will have to refer to case reports. I can furnish that for you.
“Q. All right. You as part of the Narcotics Squad sent this to Martha Odom, did you not?
“A. It was sent by Price.
“Q. And you are aware of what the Alabama statute requires as far as what the definition of marijuana is, are you not?
“A. Yes, sir.
“Q. And you had charged this man at that time with possession of trafficking, not possession, but trafficking in marijuana, had you not?
“A. Trafficking in cannabis, yes, sir.
“Q. Were you aware that the definition says you are to exclude sterilized seed of the plant which is incapable of germination?
“MR. GREENE: Judge, I object to that for two reasons. First of all, Lt. Price is a police officer, not a lawyer and—
“MR. ROBY: This is Taylor.
“MR. GREENE: This is a misrepresentation of what that says. The defendant has the affirmative burden to prove that they are in fact not capable of germination, but that’s going to be offered as a defense. If he is going to do that, that’s fine.
“MR. ROBY: Judge, I thought the State was under the burden of proving beyond a reasonable doubt—
“MR. GREENE: No, sir, that’s absolutely not true in that case. You need to *196 look at the law and he will show it to you and he knows it’s not true.
“MR. ROBY: They have got a whole forensic science over there. I don’t have anything. I have a man from Athens, here.
“THE COURT: I will charge the Jury on the law. I will sustain the objection.
“Q. (By Mr. Roby) Did you ask that that be determined?
“A. No, sir.
“Q. Anyone ask that that be determined?
“A. Not to my knowledge.
“Q. Did you make any further investigation into who was the actual possessor of this contraband?
“A. Not beyond talking with the defendant, no, sir.
“Q. Just brought him in and charged him?
“A. That’s correct.
“MR. ROBY: That’s all.
“MR. GREENE: I have nothing further of this witness, Your Honor.
“THE COURT: All right. You can stand down.” (R. 136-137).
It should be noted that the testimony from Martha Odom established that the total of the material seized was in excess of 3 pounds as herein noted. Moreover, the questioning of Lt. Taylor was as to legal definitions and the trial court pointed out in the above colloquy that it would properly charge the jury on the definitions and law of the case.
It is well established that the burden is upon the appellant to establish and bring himself within any exclusion which is found under the statute in question. Specifically, the appellant must establish that the marijuana seized from his residence contained excludable matter falling within the definition of § 20-2-2(15) Code of Alabama 1975, as amended. See Dickerson v. State, 414 So.2d 998 (Ala.Crim.App.1982).
Since the officer in question had not performed any tests on the marijuana in question, the objection was properly sustained. Moreover, the officer was not a lawyer or judge who was capable of giving a legal definition for the terms about which the inquiry took place. He simply made the seizures, along with his fellow officers, and returned them to toxicologist’s office for examination.
In our examination of the record presented to us, we are clear to the conclusion that the trial judge properly sustained the objection for the reasons herein pointed out. We therefore find no error.
We have carefully examined this record and find same free of error. The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.