Appellant, Riley Goodwin, was convicted in Marion County of armed robbery and was sentenced to 99 years in the state penitentiary.
Robert McGuire testified that he is owner of McGuire Drugs in Guin, Alabama. He stated that on September 27, 1984, appellant entered his store around 6:00 p.m. and asked if he could get a prescription filled. Appellant then handed McGuire what appeared to be a prescription. At that moment appellant drew a pistol and forced McGuire to lie down. Appellant removed a quantity of drugs and money before locking McGuire in a restroom.
 I
Appellant maintains that he was denied his constitutional right to a speedy trial, as set out in U.S. Const., 6th Amendment., and Ala. Const. (1901), Art. 1, § 6.
 "`The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.'" *Page 732 
Dykes v. State, 452 So.2d 1377, 1380 (Ala.Cr.App. 1984), quoting, United States v. MacDonald, 456 U.S. 1, 8,102 S.Ct. 1497, 1502, 71 L.Ed.2d 696 (1982).
 "It is well settled that the passage of time alone will not bar imposition of a sentence or require an accused's discharge. In order to assert that speedy trial was denied, the delay must be purposeful or oppressive. [citation omitted] Whether the delay amounts to a deprivation of an accused's right to a speedy trial depends upon the circumstances of the particular case."
Noe v. State, 391 So.2d 151, 152 (Ala.Cr.App. 1980).
 "Among the factors to be considered in determining whether there has been a denial of a speedy trial are length of delay, reason for delay, defendant's assertion of the right, and prejudice to the defendant."
Wilson v. State, 395 So.2d 1116, 1119 (Ala.Cr.App. 1981).
Appellant maintains that the delay of 11 months was oppressive and prejudicial. The record reveals that much of the delay was caused by the appellant. On September 27, 1985, appellant's motion for continuance was granted, adding two months to the delay. Appellant made a second motion for continuance the day of trial.
"The two-month delay occasioned by the continuance granted on [Defendant's] behalf must, of course, be excluded from the total length of delay and counted against him." Lewis v. State,469 So.2d 1291, 1294 (Ala.Cr.App. 1984), aff'd, 469 So.2d 1301
(Ala. 1985). "Delays occasioned by the defendant or on his behalf are excluded from the length of delay and are heavily counted against the defendant. . . ." Walker v. State,386 So.2d 762 (Ala.Cr.App.), cert. denied, 386 So.2d 765 (Ala. 1980).
Also, appellant has failed to demonstrate that the 11-month delay was prejudicial. "Under the Sixth Amendment, a showing of unreasonable delay, plus substantial proof of prejudice, mandates a holding that the constitutionally guaranteed speedy trial has been denied." Taylor v. State, 429 So.2d 1172, 1175
(Ala.Cr.App. 1983).
Further, appellant fails to show that the delay imposed a substantial impairment of liberty. Dykes, supra. The record reflects that appellant was already incarcerated for a different crime at the time he was indicted for this robbery. He would have been imprisoned during the period in question, regardless of this case.
Finally, it does not appear from the record that appellant asserted his right to a speedy trial. Wilson v. State, supra.
Although appellant's brief contains a copy of a handwritten motion for speedy trial, the record does not reflect that he ever filed the motion. In fact, appellant's motions to continue indicate that he wished to delay the proceedings. Absent any showing from the record that the appellant asserted his right to a speedy trial, we must conclude that the right was not asserted. "[I]t is the law in Alabama that `the appellant and his counsel have the duty to check the record and insure its correctness before submitting it on appeal.'" Copeland v.State, 455 So.2d 951, 955 (Ala.Cr.App.), cert. denied,455 So.2d 956 (Ala. 1984).
 II
Appellant argues that this case should be reversed because he was denied a preliminary hearing. Under the currently prevailing case law in Alabama, there is no absolute right to a preliminary hearing. Duncan v. State, 369 So.2d 885
(Ala.Cr.App. 1979). Preliminary hearings are not necessary to satisfy the due process requirements. Copeland, supra. After indictment, no preliminary hearing may be had. Duncan, supra.
No reversible error, therefore, can be predicated on the denial of a preliminary hearing.
 III
Appellant contends that he was denied a fair trial in that a number of police officers were stationed close to him in the courtroom throughout the trial. They were probably recognizable as law enforcement officers although they were not in *Page 733 
uniform and their sidearms were not visible to the jury.
In Beecher v. State, 280 Ala. 283, 193 So.2d 505 (1966), rev'd on other grounds, 389 U.S. 35, 88 S.Ct. 189,19 L.Ed.2d 35 (1967), the Alabama Supreme Court held that it was not error to allow armed guards whose weapons were visible to "watch over" an accused during his trial "where evidence showed accused was a desperate and dangerous character."
In Smith v. State, 247 Ala. 354, 24 So.2d 546 (1946), the Alabama Supreme Court stated that "[i]t is not objectionable that accused be surrounded by an armed guard, when deemed necessary, in the absence of misconduct." In Smith, the guards were present more for the accused's protection than for his restraint.
Here, we are concerned with the restraint of a repeat felon with a history of escape. The degree of restraint necessary has historically and wisely been left to the discretion of the trial court. Faire v. State, 58 Ala. 74 (1877); Martin v.State, 51 Ala. App. 405, 286 So.2d 80 (1973).
Appellant had been convicted of first degree escape. Other jurisdictions have held that a history of escape may justify the presence of guards. In Green v. State, 246 Ga. 598,272 S.E.2d 475 (1980), the Georgia Supreme Court held:
 "A defendant has a right to be tried in an atmosphere free of partiality created by the use of excessive guards except where special circumstances exist. . . . One such special circumstance is a history of escape."
The Supreme Court of Kentucky in Brewster v. Commonwealth,568 S.W.2d 232 (Ky. 1978) held that it was not error to allow a jailer to sit at trial near a defendant who had a history of escape. The United States Court of Appeals for the Eighth Circuit held in United States v. Gambina, 564 F.2d 22 (8th Cir. 1977), that it was not improper to station a large number of guards at the trial of a defendant who had previously been convicted of escape and attempted escape.
It is not necessary that there be a formal record of a certain type of misconduct to justify the posting of armed guards. Within constitutional limits, great weight must be accorded the discretion of the trial court. The trial judge is responsible for maintaining order in his courtroom. He understands infinitely better than we what is necessary to perform his duty. Here, the trial court functioned well within the bounds of its discretion in causing the officers to be present. Appellant's conviction is affirmed.
AFFIRMED.
All the Judges concur.