McMILLAN, Judge.
The appellant was convicted of robbery in the first degree, in violation of § 13A-8-41, Code of Alabama (1975). She was sentenced to 20 years in the State penitentiary.
I
During the robbery in question, video cameras in the store recorded the events that transpired. Defense counsel was allowed to view the video tapes on equipment belonging to the district attorney’s office. Defense counsel complained about the quality of the video tape and made a pretrial motion under Rule 18, Alabama Temporary Rules of Criminal Procedure, to allow him to view the video on his own equipment and to make a copy of the video tape in order to determine the identity of the robber. The court overruled the appellant’s motion, stating:
“The Court is not convinced that any equipment could make it better than what it is. The Court has viewed the still photos, and it’s not clear.
“But it’s the Court’s opinion that, number one, these pieces of evidence have been shown to the defense attorney, I believe, last Monday. And the Court will allow him to show the jury the video tape on his equipment if he so desires. But I doubt very seriously if the quality of the picture is going to be any better. And whether or not it is the defendant, or what credibility or what weight is to be given the pictures is going to be a jury question.
“So, the request for admissibility is not as yet here. And based on that, the Court hereby overrules the motion as stated.”
During the State’s case, the video tape was played twice in front of the jury without objection. Thereafter, defense counsel showed the tape to the jury several times.
“Provided that a proper foundation is laid, the admissibility of video tape evidence in a criminal trial is a matter within the sound discretion of the trial judge. Annot., 60 A.L.R.3d 333 (1974). See Thompson v. State, 462 So.2d 777, 779-80 (Ala.Cr. *1072 App.1984).” Donahoo v. State, 505 So.2d 1067, 1071 (Ala.Cr.App.1986). See also Bridges v. State, 516 So.2d 895, 899-900 (Ala.Cr.App.1987). The quality of the tape was a factor for the jury’s consideration in determining the weight to be given the evidence, rather than a factor concerning its admissibility. Hammond v. State, 354 So.2d 280, 293-94 (Ala.Cr.App.), writ quashed, 354 So.2d 294 (Ala.1977), cert. denied, 439 U.S. 823, 99 S.Ct. 91, 58 L.Ed.2d 115 (1978).
The appellant was allowed to view the video on the district attorney’s equipment and defense counsel was allowed to bring his equipment to court in order for the jury to view the video on that equipment. Further, still photographs were made from the video at defense counsel’s request. Although the appellant was not allowed to view the video tape on defense counsel’s equipment prior to trial, according to Rule 18.1(c) (in pertinent part), “[t]he court shall impose such conditions or qualifications as may be necessary to ... prevent loss or destruction of such documents or objects.”
Because the quality of the video and still photographs affected only the weight to be accorded the evidence by the jury, and because defense counsel did not object to the admission of the video at trial and, moreover, made extended use of the video tape before the jury, no error resulted in the trial court’s overruling the appellant’s motion.
II
The appellant argues that the N.C.I.C. and A.C.I.C. reports were exculpatory to the appellant in that they concerned an individual named Vimett Gurerry whose birthplace, Social Security number, and fingerprint classification were different from that of the appellant and, thus, should have been disclosed pursuant to the appellant’s discovery motions, as they was exculpatory in nature. She further argues that she was prejudiced by the prosecutor’s reading the indictment, which contained alias names, to the jury. The record indicates that during the re-cross-examination of a State’s witness, defense counsel had the A.C.I.C. and N.C.I.C. checks on the appellant. However, after the initial questions concerning the checks, the court warned counsel that he would not allow him to bring out the fact that the appellant had been previously convicted. Defense counsel explained that it was his intention to prove that the police had pulled two separate records on two different girls. The trial court stated that he would allow defense counsel to prove that fact. However, after an off-the-record discussion, defense counsel withdrew his questions. Because defense counsel clearly had these records at trial, there has been no showing that the State suppressed this evidence. Furthermore, we are unable to determine whether these reports were exculpatory, because the appellant has not fulfilled her burden of making the reports part of the record. “A reviewing court cannot predicate error on matters not shown by the record, [citation omitted]. Indeed, a silent record supports a judgment, [citation omitted]. It is the appellant’s duty to file a correct record.” Robinson v. State, 444 So.2d 884, 885 (Ala.Cr.App.1983).
The appellant’s argument concerning the prejudicial effect of the aliases contained in the indictment is not preserved for our review. There is no objection by the appellant on this ground in the record, nor is there a motion to strike the aliases. Furthermore, the record does not show that the prosecutor read the aliases to the jury. Objections to evidence cannot be raised for the first time on appeal. Hilley v. State, 484 So.2d 476 (Ala.Cr.App.), affirmed, 484 So.2d 485 (Ala.1985).
Ill
The appellant argues that her right to due process was violated by the trial court’s refusal to appoint her trial counsel as her counsel for appeal. The record indicates that the appellant filed a “Motion to Continue Appointment of Appellant’s Attorney of Record on Appeal.” The trial court denied the motion, stating:
“The motion herein is considered and denied. On July 10, 1986, this Court declared Lisa Annetta Davis to be an indi *1073 gent and appointed the Hon. Gary Pears to represent the defendant on appeal. It is the policy of this Court that unless the case reeks of highly complex issues or sounds of some other compelling reason to do so, not to appoint trial counsel in an indigent appeal, the rationale being that to do otherwise may give or lend itself to the appearance that counsel is benefiting from said appearance, and thus cloud the relevant issue. This Court finds no compelling reason or complex issue to justify deviating from the aforementioned policy, hence the motion is denied.” (Emphasis in original.)
The trial court is not required to appoint trial counsel to represent the defendant on appeal under § 15-12-22(b), Code of Alabama (1975), which provides for the appointment of counsel on appeal for indigent appellants. Because the trial court gave a valid reason for not appointing trial counsel to represent the appellant on appeal, and because trial counsel in fact filed a brief of amicus curiae on this appeal, we find no error.
IV
Under what has been marked as “Argument Number Five” in appellant’s brief, counsel has written: “Should the State’s evidence as to all of the defendant’s statements be excluded? A motion to exclude was properly made at the end of State’s evidence. Did Sgt. Fisher properly give the Miranda warnings to the defendant?” Reference was made to page numbers of the record. No further argument or case cites or authority was cited. Under what has been designated as “Arguments Number Six, Seven, Eight, Nine, Ten, Eleven, and Twelve,” the appellant has posed a single question, followed by the notation “Argument Omitted.” These issues have not been adequately presented for our review. See Rule 45B and Rule 28(a)(3) and (5), Alabama Rules of Appellate Procedure. See also Vinzant v. State, 462 So.2d 1037 (Ala.Cr.App.1984); Reeves v. State, 518 So. 2d 168 (Ala.Cr.App.1987).
V
Although trial counsel argues on appeal that the trial court should have advanced him the $1,142.63 which he requested in indigent fees, total fees to any one attorney in any one case shall not exceed $1,000. § 15-12-21(d), Code of Alabama (1975). Although that statute states that expenses will be paid where they are approved in advance by the trial court, trial counsel has not claimed that any of these fees were approved in advance, nor does the record support such a finding.
AFFIRMED.
All the Judges concur.